## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Beth Berkelhammer, et al.<br><br>              Plaintiffs,<br><br>v.<br><br>Voya Institutional Plan Services, LLC, et al.,<br><br>              Defendants. | Civil No. 3:22-mc-00099-MEG<br><br><br><br>August 8, 2023 |

### <u>ORDER</u>

Pending is Beth Berkelhammer's and Naomi Ruiz's (collectively, "Plaintiffs") Motion to Compel Non-Party Voya Retirement Advisors, LLC to Comply with Plaintiffs' Subpoena. (Pls.' Mot. to Compel, ECF No. 30.) Voya Retirement Advisors, LLC ("VRA") is one of three related defendants in this matter along with Voya Institutional Plan Services LLC ("VIPS") and Voya Investment Trust Company ("VITC"). VRA opposes the Motion to Compel and seeks to quash the requests for the two discrete items that are the subject of Plaintiffs' Motion.

By way of background, Plaintiffs filed a prior Motion to Compel Subpoena Compliance on December 14, 2022 seeking production of a wide range of documents from VRA, VIPS, and VITC. (Pls.' Mot. to Compel, ECF No. 1.) On January 30, 2023, this Court denied that motion without prejudice to refiling because of a jurisdictional defect in the subpoena. (Order Denying Mot. to Compel, ECF No. 28.) The motion now at issue seeks to compel VRA's compliance with an adequate, second subpoena that identifies twenty-four categories of documents to be produced. (Subpoena, ECF No. 31-1.) The parties have resolved all requests other than the two categories of information which are the subject of the motion at issue. (VRA's Mem. in Opp'n to Pls.' Mot. to Compel 12, ECF No. 40.) The Court held oral argument on June 16, 2023.

After a review of the respective briefs and with the benefit of oral argument, for the reasons that follow, Plaintiffs' request for an order compelling VRA's compliance with the subpoena is hereby DENIED.

**PROCEDURAL HISTORY**

Beth Berkelhammer, Naomi Ruiz, and a class of similarly situated participants and beneficiaries in a 401(k) retirement plan (the "Plan"), are the plaintiffs in a case pending in the District of New Jersey ("the underlying action")[1] against the Plan's sponsor Automatic Data Processing, Inc. and several related entities (collectively, "ADP"). In the underlying action, Plaintiffs allege, among other things, that ADP violated the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA") by breaching fiduciary duties including causing the Plan to pay excessive managed account fees to VRA. (Pls.' Mem. in Supp. of Mot. to Compel 2, ECF No. 30-1.) Here, Plaintiffs seek to compel VRA's compliance with a subpoena to produce documents. (Pls.' Mot. to Compel, ECF No. 30; Pls.' Subpoena, ECF No. 2-1.)

VRA and the other defendants in this action are not parties to the underlying action. ADP hired VRA pursuant to a contract to provide managed account services. (Pls.' Mem. 2, ECF No. 30-1.) Additionally, pursuant to a subcontract titled Restated Advisory and Data Services Agreement (the "Agreement") effective July 1, 2019, VRA hired Financial Engines Advisors, LLC ("FE") to act as a subadvisor for the Plan's managed accounts. (*Id.* at 8; Am. Compl. ¶ 216, ECF No. 2-4.) At the Court's request, VRA provided the Court with a copy of the Agreement for *in camera* review.

---

[1] The case name and number is *Berkelhammer v. Automatic Data Processing, Inc.*, No. 2:20-cv-05696-ES-JRA.

Plaintiffs now request that this Court compel VRA to produce the Agreement and all documents describing payments VRA made to FE related to services provided to the Plan or Plan participants. (Pls.' Mem. 2, ECF No. 30-1.) Plaintiffs argue, and VRA disputes, that producing the documents sought would not pose an undue burden on VRA because the documents sought are relevant to their claims in the underlying case, are proportional to the needs of the case, and are not shielded by trade secret protections. (Pls.' Mem. 4, 7, ECF No. 30-1; VRA's Opp'n, ECF No. 40.)

## LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure permits parties to obtain information from non-parties through inspection and copying of documents the non-party is required to produce. Rule 45 thus provides for the service of a subpoena to produce and "permit inspection, copying, testing, or sampling" of "designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii), (a)(1)(D). *See also* Fed. R. Civ. P. 34(c) ("[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things"). Rule 45(d)(3)(A) provides that a court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

Production sought in a subpoena served in conjunction with discovery must fall within the proper scope of discovery under Rule 26(b)(1). *Citizens Union of New York v. AG of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) ("The discovery parameters set forth in Rule 26 also apply to subpoenas served upon non-parties."). A subpoena issued to a non-party pursuant to Rule

45 is subject to Rule 26(b)(1)'s overriding relevance requirement, which provides that information is generally discoverable if it is relevant to any party's claim or defense, proportional to the needs of the case, and not privileged. Fed. R. Civ. P. 26(b)(1).

When a party files a motion to compel, it bears the initial burden to show the relevance of the information it seeks. *Bagley v. Yale Univ.*, No. 3:13-cv-01890 (CSH), 2015 WL 8750901, at *7 (D. Conn. Dec. 14, 2015) (citing *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-Civ.-9792 (WHP) (JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015)).

Rule 45 applies specifically to subpoenas and is more restrictive than Rule 26 because it protects the subpoena recipient from an "undue burden." Fed. R. Civ. P. 45(d)(1). In assessing whether a subpoena's burden is undue, courts weigh "the burden to the subpoenaed party against the value of the information to the serving party" by considering factors such as "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005) (granting a motion to quash a subpoena that subjected a person to undue burden).

**DISCUSSION**

The litigants focus their arguments on the relevance of the documents sought, the burden of compliance, and the documents' confidential nature. Plaintiffs argue that the Agreement and related payments between VRA and FE are relevant because they would demonstrate what services VRA provides in-house compared to what services it merely outsources. (Pls.' Mem. 5, ECF No. 30-1.) Plaintiffs' position is rooted in the assumption that if VRA is marking up the services for which it hired FE with "an unnecessary and excessive additional layer of fees" (*id.*), instead of just passing along the cost, then the Plan may have overpaid for managed account services.

This Court finds that the fees VRA paid for subadvisor services are not relevant to ADP's fiduciary duty to monitor the Plan's fees. In the underlying action, Plaintiffs claim that ADP failed to monitor fees, compare them to competitive market rates, and diligently negotiate fee reduction. (Am. Compl. ¶ 25.) Plaintiffs' complaint alleges that the relevant inquiry as to whether ADP complied with its fiduciary duties, lies in ADP's alternatives to VRA. (*Id.* at ¶ 201 ("Plan fiduciaries are required to . . . monitor[] managed account providers' fees *in relation to . . . other managed account providers' fees*" (emphasis added)), ¶ 209 ("The only way for a plan sponsor to accurately compare fees of managed account providers is to perform competitive bidding through a request for proposal.").)  As alleged by Plaintiffs in the underlying action and argued by VRA here, the Court agrees that the relevant comparative information to Plaintiffs is what VRA charged the Plan relative to the market, relative to its competitors.  The contractual terms governing the once-removed relationship between VRA and FE and the documentation of what VRA paid to FE pursuant to it are irrelevant to Plaintiffs' claims against the Plan.

Plaintiffs contend that VRA's fees would be "unreasonable" if VRA charged a "price, plus some, where the plus simply goes into [VRA's] pocket[.]" (Pls.' Resp. to Amicus Br. 2, ECF No. 54 (internal quotation marks omitted).) Plaintiffs cite to *Marshall v. Northrop Grumman Corp.,* No. 2:16-cv-06794-AB (JCx), 2019 WL 4058583 (C.D. Cal. Aug. 14, 2019), an ERISA case in which the court granted a 401(k) plan's fiduciaries' motion for summary judgment on the grounds that the fiduciaries had no duty to monitor the sources of compensation to the plan's recordkeeper. The court reasoned that the plan had no duty to monitor the agreement between the recordkeeper and the advisory services provider because the agreement was not subject to fiduciary control, the fees were not paid out of plan assets, and those fees are for services pursuant to an independent business arrangement. *Id.*

In that case, the plan was in privity with both the recordkeeper and the advisory services provider, but the plaintiffs' claim regarding the independent arrangement between the recordkeeper and the advisory services provider failed. In this case, the Plan is not in privity with FE. For the same reasons that the *Marshall* court listed, the participants have no business monitoring FE's independent agreements obliquely pertaining to services provided to the Plan.

Similarly, Plaintiffs' reliance on *Pizarro v. Home Depot, Inc.*, No. 1:18-cv-01566-WMR, 2020 WL 6939810 (N.D. Ga. Sep. 21, 2020), an ERISA case involving FE, is misplaced. In *Pizarro,* a class of plan participants and beneficiaries asserted breaches of fiduciary duty against The Home Depot, Inc. and the plan's other fiduciaries for allowing FE to charge unreasonable fees. The court compelled FE to produce, among other things, the pricing information for each defined plan for which it had provided professional management services.[2] (*Pizarro*, No. 1:20-cv-04660-WMR, (N.D. Ga. Feb. 12, 2021), ECF No. 33.)  In *Pizarro*, FE's status vis-à-vis the plan was akin to VRA's status here; FE had privity of contract with the plan.

VRA also takes issue with disclosing the documents at issue because of their confidential nature. (VRA's Opp'n 14, ECF No. 40.) Plaintiffs do not dispute that the documents are confidential, but instead assert that the protective order in place is sufficient protection. (Pls.' Mot. 8, ECF No. 30.) This Court reviewed the Agreement *in camera* and acknowledges its proprietary nature, consistent with the affidavit of Lombard Gasbarro, II. (Gasbarro Aff. ¶¶ 22-24, ECF No. 15-2.) The Agreement applies to the entire relationship between VRA and FE across all plans and describes all fees and costs that the parties may pay or receive.

An order compelling VRA's disclosure of proprietary information under any protective order imposes at least some burden because it carries some risk of competitive harm and some risk

---

[2] No. 1:18-cv-01566-WMR is the underlying case asserting breach of fiduciary duties. No. 1:20-cv-04660-WMR is the related case against FE seeking to compel deposition testimony.

of inadvertent disclosure. In light of the confidential nature of the documents and what can be considered most favorably to Plaintiffs as marginal relevance, almost any burden is undue. The burden of producing the irrelevant, confidential information at issue certainly is. Therefore, Plaintiffs' arguments are unavailing.

### **CONCLUSION**

Because these documents are not relevant to the claims and defenses in the underlying action, they are not discoverable under Rule 26 or Rule 45. Moreover, the Court finds that the information requested is confidential business information of non-parties FE and VRA, which disclosure is not justified, even under a protective order given the lack of relevance. Consequently, this Court need not proceed to consider whether the requests for production are proportional to the needs of the case, whether the documents sought are privileged, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, or the burden imposed. Plaintiffs' motion is DENIED.

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

*/s/ Maria E. Garcia*
Hon. Maria E. Garcia
United States Magistrate Judge